**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIE KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-cv-1000 |
| v. | ) | |
| | ) | Hon. Steven C. Seeger |
| JOHN DOE No. 1, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court has prescreened Plaintiff's complaint [10] under 28 U.S.C. § 1915(e)(2)(B), and it may proceed as set forth below. The Court directs the Clerk of Court to: (1) add Stateville NRC Warden Mindi Nurse to the docket as a nominal defendant for the purpose of identifying the officer or officers who allegedly refused to honor Plaintiff's low gallery permit; and (2) send Plaintiff filing instructions and a copy of this order. Plaintiff must keep the Court up to date about his contact information. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal without further warning. A separate order will be issued to initiate service of process on Defendant.

## STATEMENT

Willie Kelly, formerly a state prisoner, brings this *pro se* case about a fall in prison. He claims that an unidentified officer at Stateville NRC did not honor a low gallery permit, which led to a fall and an injury to his knee. Plaintiff has paid the filing fee.

The complaint is subject to prescreening review, even though Plaintiff paid the filing fee. *See* 28 U.S.C. § 1915(e)(2)(B) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the court must dismiss the case if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant); *see also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted).

The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there

is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges the following. On February 1, 2024, Plaintiff arrived at Stateville's Northern Reception and Classification Center (Stateville NRC) for processing. *See* Cplt., at 4 (Dckt. No. 10). On Feb. 7, 2024, Plaintiff was taken on a medical furlough to Stroger Hospital in Chicago for a follow-up on the condition of his knee. *Id.* Plaintiff states that the hospital sent a "documented medical paper" about the condition of his knee. *Id.*

When Plaintiff arrived back at Stateville NRC, an unidentified officer that was in charge of the unit (Gallery O) denied Plaintiff a low gallery cell even after Plaintiff showed him the permit issued to him by medical staff. *Id.* The complaint doesn't reveal the reason for the denial.

Plaintiff was forced to climb three levels of stairs to the third gallery. *Id.* at 5. Plaintiff complained multiple times to correctional staff on other shifts, but nothing was done. *Id.*

On February 21, 2024, Plaintiff was let out of his cell to go to the showers at around 5:15 p.m. *Id.* Plaintiff states that his knee "gave out" when he was walking down a flight of stairs, and he fell. *Id.* Plaintiff went to the Emergency Room at an outside hospital for treatment and suffered "internal damage" to his left knee that required surgery in July 2024. *Id.*

Plaintiff has attached a number of grievances and medical records to his complaint, both related and unrelated to the incident at issue. Among the documents are a low bunk permit dated Feb. 1, 2024, and a low bunk/low gallery permit dated Feb. 7, 2024. *Id.* at 39–40.

The complaint doesn't include the names of the defendants. Plaintiff sued the unnamed warden of Stateville NRC, an unnamed lieutenant in charge, and an unnamed correctional officer. *Id.* at 2. Plaintiff's complaint specifically references only one "John Doe" officer, described as the officer in charge of the unit, who Plaintiff alleges failed to honor his low gallery permit. *Id.* at 4. It is not entirely clear if this is a reference to the lieutenant in charge, or a different correctional officer.

The Eighth Amendment requires correctional officials to take reasonable measures to protect the safety of inmates. *See Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020). Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008).

At screening, the Court will assume that Plaintiff's knee problems, which required treatment at an outside hospital, amounted to a serious medical condition. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (medical condition is objectively serious if physician has

2

diagnosed it as needing treatment). Plaintiff also has sufficiently alleged that the unidentified officer in charge of the unit disregarded his serious medical needs by failing to honor his low gallery permit. *See Knox v. Butler*, 2017 WL 476925, at *6 (S.D. Ill. 2017) (allowing the plaintiff to proceed on an Eighth Amendment claim where the defendants disregarded low bunk/low gallery permit).

The complaint paints a picture in broad strokes, and there are lots of details that this Court does not know. Maybe the guard did not honor the low gallery permit for a good reason. Time will tell. In the meantime, the complaint survives the prescreening stage.

Because Plaintiff apparently does not know this officer's name, the Court will allow him to proceed against Stateville NRC Warden Mindi Nurse as a nominal Defendant for the purposes of identifying him. After Warden Nurse has been served and an attorney has entered an appearance on her behalf, Plaintiff may send interrogatories (written questions) to defense counsel to obtain information about the identity of the John Doe officer in charge of the unit.

When that process is complete, Plaintiff must submit an amended complaint that names the unidentified officer (and any other officer he contends failed to honor his low gallery permit, as it is unclear if Plaintiff is attempting to sue multiple John Doe officers). Any amended complaint must stand complete on its own and include all claims and Defendants. Plaintiff should do this as soon as possible in light of the two-year statute of limitations for § 1983 claims in Illinois and applicable tolling rules. *See Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021); *Bryant v. City of Chicago*, 746 F.3d 239 (7th Cir. 2014).

Any other claims are dismissed. While Plaintiff attempts to state a claim against the unidentified warden of the prison, he alleges no facts connecting the warden to the alleged violation.

A warden isn't liable simply because that person is the warden and supervised the facility. There is no *respondeat superior* (or supervisory) liability under section 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Rather, a government official is responsible only for his or her own misconduct. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Any claim against the warden is therefore dismissed.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification any time his address changes. Failure to do so may lead to dismissal of this action without further warning.

3

Date: January 6, 2026

Steven C. Seeger
United States District Judge