**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIE KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 25-cv-01000 |
| ) | |
| v. ) | Honorable Steven C. Seeger |
| ) | |
| JOHN DOE No. 1 *et al.*, ) | **JURY DEMAND** |
| ) | |
| Defendants. ) | |

**DEFENDANT NURSE'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Mindi Nurse,[1] Warden of Stateville Northern Reception and Classification Center, by and through her attorney Kwame Raoul, Attorney General of Illinois, hereby submits her Answer to Plaintiff's Complaint. In support, Defendant states as follows:

**IV.     Statement of Claim:**

1.      On Feb. 1st 2024 I Willie Kelly arrived at the Stateville NRC for processing. I was brought into Illinois Dept. of Corrections by the Cook County Sherriff. On Feb. 7th 2024 I was taken out for a medical forlugh to Stroger Hospital in Chicago, IL for a follow-up on my condition to my left knee. When attended by Stroger they sent a documented medical paper notifying staff about my condition. When I arrived back to my assigned Gallery O Cell 310, Officer "John Doe" that was in charge of this unit denied me a low gallery cell even after I showed my permit issued to me by medical staff.

**ANSWER: On January 5, 2026, this Court conducted its 28 U.S.C. § 1915 review of Plaintiff's complaint and found that it did not state a claim against Defendant Nurse. As such, no answer is required. *See* ECF No. 12.**

---

1 On January 5, 2026, the Court allowed Plaintiff to proceed against Defendant Warden Nurse as a nominal defendant for the purpose of identifying the officer or officers who allegedly refused to honor Plaintiff's low gallery permit. *See* ECF No. 12.

2.       I was forced to climb a 3 level of stairs to the 3rd Gallery. I complained multiple times to other Correctional Staff on other shifts but nothing was done. On Feb. 21, 2024 at appox. 5:15 pm when I was let out of my cell for showers to the first gallery I fell down a flight of stairs because my knee gave out. I was severly injuried in the fall. I was taken out to the Emergency Room for treatment. This fall caused internal damage to my left knee which now I had a surgery on July 23, 2024 to repair the damages caused by this fall.

**ANSWER: On January 5, 2026, this Court conducted its 28 U.S.C. § 1915 review of Plaintiff's complaint and found that it did not state a claim against Defendant Nurse. As such, no answer is required.** *See* **ECF No. 12.**

**v.       Relief**

I would like to be compisated for negligents and pain and suffering.

**ANSWER: On January 5, 2026, this Court conducted its 28 U.S.C. § 1915 review of Plaintiff's complaint and found that it did not state a claim against Defendant Nurse. As such, no answer is required.** *See* **ECF No. 12.**

## GENERAL DENIAL

1.       Defendant expressly denies any allegation not specifically admitted.

2.       Defendant denies that Plaintiff is entitled to compensatory damages.

3.       Defendant denies that Plaintiff is entitled to punitive damages.

4.       Defendant denies that Plaintiff is entitled to any other relief.

## JURY DEMAND

Defendant respectfully requests trial by jury.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

2

1. Prior to filing suit, inmates must demonstrate that they have fully and properly exhausted their administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

2. To exhaust administrative remedies, a prisoner "must file complaints and appeals in the place, and at the time, 'the prison's administrative rules require.'" *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

3. To the extent Plaintiff has failed to adhere to the Illinois Department of Corrections grievance procedures, his claim should be barred for failure to exhaust his administrative remedies prior to the initiation of this cause of action, which serves as a bar to Plaintiff's claims by the Prison Litigation Reform Act (42 U.S.C. § 1997) and *Perez v. Wisconsin Dept. of Corrections*, 182 F. 3ed 532 (7th Cir. 1999).

## SECOND AFFIRMATIVE DEFENSE
### (Sovereign Immunity-11th Amendment)

1. Under the Eleventh Amendment, a state and its agencies cannot be sued in federal court.

2. To the extent that Plaintiff is seeking monetary damages from Defendants in their official capacity, they are barred from recovery by the doctrine of sovereign immunity under the Eleventh Amendment.

## THIRD AFFIRMATIVE DEFENSE
### (Qualified Immunity)

1. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate

3

clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

**2.**     To the extent that Plaintiff is seeking monetary damages from Defendants, who acted in good faith in the performance of their official duties and acted without violating the Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known, they are barred from recovery by the doctrine of qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE
### (No Vicarious Liability Under §1983)

1.     To the extent that Plaintiff is suing Defendant for actions of a subordinate, such claims are barred because the doctrine of *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983. *See Pacelli v. Devito, 972 F.2d 871, 877 (7th Cir.1992); Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). "[T]hus, to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right."' *Sanville,* 266 F.3d 724.

2.     To the extent that Plaintiff is suing Defendant for actions in which Defendant was not personally involved, such claims are barred because liability under 42 U.S.C. § 1983 requires a defendant's direct, personal involvement. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

## SIXTH AFFIRMATIVE DEFENSE
### (Limitations Period)

1.     The limitations period for filing suit for personal injuries in Illinois is two years from the date the cause of action accrued.  735 ILCS 5/13-202.

4

2.      To the extent that Plaintiff's claims accrued more than two years prior to filing this lawsuit, they are barred from recovery by the statute of limitations as being untimely.  735 ILCS 5/13-202.

**SEVENTH AFFIRMATIVE DEFENSE**
**(State Claims Barred by Sovereign Immunity)**

1.      "Under the Erie doctrine, 'state rules of immunity govern actions in federal court alleging violations of state law.*"Kyles v. Beaugard*, No. 15-cv-8895, 2023 U.S. Dist. LEXIS 143261, at *60 (N.D. Ill. Aug. 16, 2023), citing, *T.S. v. County of Cook*, 67 F.4th 884, 890 (7th Cir. 2023).

2.      Illinois Court of Claims has exclusive jurisdiction over "[a]ll claims against the State founded upon any law of the State of Illinois." *See, Id.*;705 ILCS 505/8(a).

3.      "Where the alleged wrongful conduct 'arose out of the State employee's breach of a duty that is imposed on him *solely* by virtue of his State employment,' sovereign immunity bars the action in circuit court." *Kyles v. Beaugard*, No. 15-cv-8895, 2023 U.S. Dist. LEXIS 143261, at 64.

4.      "Illinois courts do recognize an exception to state sovereign immunity" and "'the officer suit exception does not apply in a damages suit.'" *Id.* at 65-66.

5.      As such, Plaintiff's state law claim is barred in federal court, and the Illinois Court of Claims has exclusive jurisdiction. *See* 705 Ill. Comp. Stat. 505/1; 705 Ill. Comp. Stat. 505/8(a); *See also, See T.S. v. Cnty. of Cook*, 67 F.4th 884 (7th. Cir. 2023), citing, *Jackson v. Alverez*, 831 N.E.2d 1159, 1164 (Ill. App. Ct. 2005); *Johnson v. Winters*, No. 10 C 5480, 2013 U.S. Dist. LEXIS 112031, at *53-54 (N.D. Ill. Aug. 8,

2013) (In an action proceeding on §1983 claims and state-law claims, the court found sovereign immunity barred Plaintiff's state-law claims of battery and intentional infliction of emotional distress as "any duty to protect inmates arises solely from [defendants] employment at IDOC, and the normal functions of IDOC employees include protecting inmates from bodily harm."), citing, *Brooks v. Lieutenant Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (Overturning the district court's ruling "that sovereign immunity did not apply to the state-law claims in this case because [plaintiff] alleged that the state agents acted in violation of the Constitution," noting that state-law claims are not dependent on constitutional claims, and holding that plaintiff's malicious prosecution claim was barred by sovereign immunity because plaintiff did not allege conduct that exceeded the defendant state officials' authority), and *Richman v. Sheahan*, 270 F.3d 430, 442 (7th Cir. 2001).

WHEREFORE, Defendant prays for judgment in her favor and against Plaintiff, plus costs of suit.

Dated: March 23, 2026

KWAME RAOUL
Attorney General of Illinois

Edward Parsons
ARDC #6349840
Assistant Attorneys General
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, Illinois 60603
(312) 814-0052
*edward.parsons@ilag.gov*
***Attorney for Defendants***

Respectfully Submitted,

MINDI NURSE

By:    /s/ *Edward Parsons*
        Assistant Attorney General

6

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 23, 2026 he electronically filed the foregoing *Defendant Nurse's Answer to Plaintiff's Complaint* with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants; and hereby certifies that on the same date, he caused to be mailed by the U.S. Postal Service, in an envelope fully prepaid and properly addressed, a copy of the foregoing document to the following participants:

Mr. Willie Kelly
15226 South Honore
Harvey, IL 60426
***Plaintiff Proceeding Pro Se***

/s/ *Edward Parsons*
Edward Parsons

7